THE FOLLOWING ORDER
IS APPROVED AND ENTERED
AS THE ORDER OF THIS COURT:

DATED: January 26, 2016

G. Michael Halfenger
United States Bankruptcy Judge

# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| In re Herb B. Byers and Marcia Helton-Byers, | ) ) ) |
| Debtors, | ) |
| Address 5219 North 56th Street Milwaukee, WI 53218 | ) Bankruptcy Case No. 15-25483-GMH ) Chapter 13 ) ) |
| Social Security Number XXX-XX-2058 XXX-XX-4256 | ) ) ) |
| | ) Adversary Proceeding No. 15-2467-GMH ) ) |
| Herb B. Byers and Marcia Helton-Byers, Plaintiffs, v. | ) ) ) ) ) |
| Housing Authority of the City of Milwaukee, and its assigns, heirs and successors Defendant. | ) ) ) |

## ORDER GRANTING DEFAULT JUDGMENT

The above-named Plaintiffs filed an adversary complaint seeking to establish the value of

Michael J. Watton, Esq.
Watton Law Group
700 North Water Street
Suite 500
Milwaukee, WI   53202

the above-named Defendant's interest in the Plaintiffs' real property located at 5219 North 56th Street, Milwaukee, Wisconsin 53218 with the legal description of:

> LOT 22, BLOCK 2, CUSTER HEIGHTS, BEING A SUBDIVISION OF A PART OF THE NORTHWEST ¼ OF SECTION 35, TOWNSHIP 8 NORTH, RANGE 21 EAST, IN THE CITY OF MILWAUKEE, COUNTY OF MILWAUKEE, STATE OF WISCONSIN.

The complaint alleges that the value of the property is less than the amount due and owing to the holder(s) of the senior lien(s) on the property, and that there is no equity in the property to which the Defendant's junior lien can attach. The complaint requests that the Court determine that the value of the Defendant's interest in the property is zero, and that it permit the Defendant's claim to be treated as unsecured in this Chapter 13 case. The Plaintiffs properly served the complaint on the Defendant pursuant to Bankruptcy Rule 7004, and the Defendant failed to answer or appear. The Plaintiffs submitted evidence in support of the allegations in the complaint.

Accordingly, The Court grants default judgment in favor of the Plaintiffs, declaring as follows:

1. The value of the property is less than the amount of the claims secured by liens that are senior to the Defendant's lien.

2. Pursuant to 11 U.S.C. section 506(a), the Defendant's claim in this Chapter 13 case is unsecured.

3. The Plaintiffs' Chapter 13 plan may modify the Defendant's rights as a holder of an unsecured claim pursuant to 11 U.S.C. section 1322(b), including by providing that the Defendant's lien will be extinguished upon the plan's completion and the granting of a discharge.

4. That upon successful completion of the plan so providing and granting of a discharge, the second mortgage of Defendant, Housing Authority of the City of Milwaukee, and its

assigns, heirs and successors, shall be deemed to be fully paid, and Defendant's lien shall be of no legal effect.

####